IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-CV-3971-D |
| VS. | § | |
| | § | |
| AUDREY COLEMAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

This court must note its own lack of subject matter jurisdiction, even if not raised by a party. *E.g., Hayes v. MBNA Tech., Inc.*, 2004 WL 1283965, at *2 (N.D. Tex. June 9, 2004) (Fitzwater, J.) ("[T]his court is obligated, *sua sponte* if necessary, to note a lack of subject matter jurisdiction[.]") (citing *In re Bowman*, 821 F.2d 245, 246 (5th Cir. 1987)). The court concludes in this removed case that it lacks subject matter jurisdiction and remands the case to county court.[1]

Plaintiff Bank of New York Mellon ("BNY") brought a forcible detainer action against defendant Audrey Coleman ("Coleman"). Proceeding *pro se*, Coleman removed the case from county court to this court. She asserted in her notice of removal that this court has both federal question jurisdiction and diversity jurisdiction, although she did not specify why the court has diversity jurisdiction (e.g., did not specify that the parties are citizens of different states).[2]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Of course, even if BNY and Coleman are citizens of different states, a case cannot be removed to federal court on the basis of diversity of citizenship when an in-state citizen is a

Coleman cannot show that the court has federal question jurisdiction. BNY's petition only asserts a state-law cause of action—forcible detainer—that does not state a federal claim. *See Fed. Nat'l Mortg. Ass'n v. Elliott*, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (Lindsay, J.) (holding that forcible detainer actions do not raise federal-law claims). Coleman complains in her notice of removal of due process violations and contends that such violations present a federal question. But her due process claims arise, if at all, in *Coleman's* pleadings, not in *BNY's* petition. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint[.]'" *Gromer v. Mack*, 799 F.Supp.2d 704, 708 (N.D. Tex. 2011) (Fitzwater, C.J.) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). This means that reference is made to *BNY's* complaint (called a "petition" in Texas practice), not *Coleman's* pleadings, to determine whether the case presents a federal question.

The court also lacks diversity jurisdiction because Coleman has not—and cannot—prove by

---

defendant. *See* 28 U.S.C. § 1441(b). In other words, even though there is complete diversity of citizenship, the removal statute does not permit removal by a *Texas* citizen to this court. Nevertheless, this type of defect is procedural. *See, e.g., Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 n.18 (5th Cir. 2010) ("[A] procedural defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court." (quoting *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993)). BNY did not move within 30 days of removal to remand the case on this basis, so this procedural defect is waived. As explained in *Williams:*

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.

*Williams*, 985 F.2d at 787. The court therefore is not relying on 28 U.S.C. § 1441(b) to remand this case. It is concluding, instead, that Coleman has failed to prove the minimum jurisdictional amount by a preponderance of the evidence.

a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). "[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The issue in a forcible detainer action, however, is only the right of possession, not the value of the property. *See Fed. Nat'l Mortg. Ass'n v. Talley*, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) (Ramirez, J.), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (Godbey, J.). Coleman has failed even to allege, much less prove by a preponderance of the evidence, that the value of the right of possession exceeds $75,000.

\* \* \*

For the foregoing reasons, the court holds that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). This case is remanded to Dallas County Court at Law No. 4, Dallas, Texas. The clerk shall effect the remand in accordance with the usual procedure.[3]

**SO ORDERED**.

November 29, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]The magistrate judge reached a similar conclusion in her November 27, 2012 findings, conclusions, and recommendation. But because the court is acting on its own initiative, without considering the magistrate judge's recommendation, it is not awaiting objections from Coleman to the recommendation before remanding this case.